**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

GARY M. COPENY,

                    Plaintiff,

vs.                                    Case No. 3:13-cv-312-J-39JRK

CHASE OAKS APARTMENTS
CORPORATE OFFICE,

                    Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>[1]

### <u>I.  Background</u>

      This cause is before the Court <u>sua</u> <u>sponte</u>.  Plaintiff initiated this action by filing a <u>pro se</u> Complaint (Doc. No. 1) on March 25, 2013.  On at least three occasions, Plaintiff has been advised that to proceed with this action, he must properly serve Defendant in accordance with the Federal Rules of Civil Procedure ("Rule(s)").  <u>See</u> Order (Doc. No. 23; "August 19, 2013 Order"), entered August 19, 2013, at 1-2; Order (Doc. No. 19), entered May 22, 2013, at 2, 3; Order (Doc. No. 10), entered April 2, 2013, at 1-2.  In the August 19, 2013 Order, Plaintiff was directed to perfect service on Defendant and to file a return of service with the Court by September 20, 2013.  <u>See</u> August 19, 2013 Order at 2.  By that same Order, Plaintiff was warned that failure to perfect service by September 20, 2013 would result in a recommendation that this matter be dismissed without prejudice.  <u>Id.</u>

---

[1]     Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document.  Failure to file a timely objection waives a party's right to a <u>de</u> <u>novo</u> review.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

On September 27, 2013, one week after the Court's deadline, Plaintiff filed a document entitled "Return of Service" (Doc. No. 24; "September 27, 2013 Return of Service"). Plaintiff stated that on September 17, 2013, he served via certified mail the "Toddirish Corporate Office, Care of Jackson Square Propertys [sic] 655 Mongomery [sic] Street, Suite 1700[,] San Francisco, California 94111." See September 27, 2013 Return of Service at 1 (capitalization omitted). Plaintiff did not provide any information as to why he served process on the Toddirish Corporate Office in San Francisco, California, when the named Defendant is Chase Oaks Apartments Corporate Office.[2]

Upon review of the September 27, 2013 Return of Service and the entire file, on October 16, 2013, an Order to Show Cause (Doc. No. 25; "Order to Show Cause") was entered, directing Plaintiff to file a written response explaining his failure to perfect service on Defendant. Plaintiff was advised that failure to comply with the Order to Show Cause would result in a recommendation that this matter be dismissed without prejudice pursuant to Local Rule 3.10(a), United States District Court, Middle District of Florida. See Order to Show Cause at 2.

In response to the Order to Show Cause, Plaintiff filed an "Afidavit [sic] of Written Response" (Doc. No. 26; "Affidavit") on November 15, 2013. In the Affidavit, Plaintiff indicated that he contacted the "secretary of state" and was advised that the "Toddirish Corporate office . . . in San Francisco . . . has control over the chase oaks apartments in Jacksonville" and that is who Plaintiff should serve with process. Affidavit at 1-2. Plaintiff

---

[2]     Two of the documents attached to the Complaint seem to reflect that Chase Oaks Apartment Complex is located in Jacksonville, Florida. See Doc. No. 1-1, at 1-2.

2

also attached to the Affidavit photocopied pages from what appear to be a secondary source discussing civil procedure in Florida courts.  See Doc. No. 26-1, at 1-7.

## II.  Standard / Analysis

Rule 4(m) provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

A review of the public records located on the website of the Florida Department of State, Division of Corporations, reflects that "Todd Irish %Jackson Square Properties, 655 Montgomery Street, Suite #1700, San Francisco, CA 94111" could be the proper mailing address for Defendant.[3]  This address is almost identical to the address Plaintiff lists in the September 27, 2013 Return of Service.  Whether that is the correct mailing address for Defendant, however, is of no consequence, because Plaintiff has not complied with the Rules in other respects.  First, Plaintiff indicated that he served Defendant "by certified mail." See September 27, 2013 Return of Service at 1 (capitalization omitted).  Certified mail is not an appropriate avenue to perfect service in this instance under federal law or state law.  See Morris v. City of Orlando, No. 6:10-cv-233-Orl-19GJK, 2010 WL 2836623, at *2 (M.D. Fla. July 19, 2010) (unpublished) (recognizing that mailing does not constitute delivery as contemplated by the Rules or the Florida Statutes and collecting cases finding the same).

---

[3]   See Florida Department of State, Division of Corporations, available at http://www.sunbiz.org/scripts/ficidet.exe?action=DETREG&docnum=G10000043714&rdocnum=G95275000117 (last visited Jan. 6, 2014).

3

Even if using certified mail were appropriate here, Plaintiff has not provided a certified mail receipt bearing the signature of the person who received it.  Second, again assuming that certified mail were appropriate, Plaintiff has failed to show that a "person who is . . . not a party" placed the summons and the Complaint in the mail, as required by Rule 4(c)(2).  Third, proof of service "must be by the server's affidavit."  Fed. R. Civ. P. 4(l)(1).  The September 27, 2013 Return of Service is not an affidavit, and as just noted, Plaintiff cannot serve process himself because he is a party to this suit.

Since the filing of the Complaint, Plaintiff has had more than 287 days to perfect service of process.  Plaintiff's status as a pro se litigant does not warrant any further extensions of time, particularly in light of the Court's previous admonitions and the length of time Plaintiff has had to perfect service.  See Dash v. Chasen, 503 F. App'x 791, 795 n.1 (11th Cir. 2013) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007)). Plaintiff has not shown good cause for his failure to timely and properly effect service of process.

Moreover, the undersigned has "consider[ed] whether any other circumstances warrant an extension of time based on the facts of the case."  Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).  The undersigned finds that the circumstances of this case do not justify an additional extension of time.  See Dash, 503 F. App'x at 795-96.  First, it does not appear that any applicable statute of limitations would bar Plaintiff from refiling his claim(s) against Defendant in the event that this matter is dismissed without prejudice.  In his Complaint, Plaintiff alleges ongoing "criminal activity" occurring as recently as March 22, 2013, Compl. at 1, and Plaintiff attached to the Complaint a copy of a Jacksonville Sheriff's Office Field Investigation Report  dated March 6, 2013, see Doc. No.

4

1-1, at 1.  Second, although the Court need not reach the merits of Plaintiff's claim(s), upon review of the allegations in the Complaint, it is highly doubtful that Plaintiff has stated a claim upon which relief may be granted, let alone alleged a proper basis for this Court's subject matter jurisdiction.

### III.  Conclusion

In sum, like the two other actions filed by Plaintiff in this Court, Plaintiff has not complied with the Rules regarding service of process.  See Copeny v. Dep't of Navy Captain Philip Gubbins, No. 3:13-cv-275-J-99MMH-JBT (M.D. Fla.) (dismissed without prejudice on December 2, 2013); Copeny v. City of Jacksonville Police Dep't, No. 3:13-cv-288-J-20PDB (M.D. Fla.) (dismissed without prejudice on November 20, 2013).  This matter, therefore, cannot proceed.  Plaintiff bears the burden of perfecting service, and despite the Court's admonitions and Plaintiff being afforded ample time to perfect service, he has failed to do so. Accordingly, it is

**RECOMMENDED THAT**:

1.     This action be **DISMISSED without prejudice** pursuant to Local Rule 3.10(a), United States District Court, Middle District of Florida.

2.     The Clerk of Court be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 8, 2014.

**JAMES R. KLINDT**
United States Magistrate Judge

5

jlk
Copies to:

Honorable Brian J. Davis
United States District Judge

<u>Pro</u> <u>se</u> party